ALBERS *et al.*, Defendants in Error, *vs.* EILERS, Plaintiff in Error.

1. The proceeding by *scire facias* on a mechanic's lien must be in the court where the lien is filed, and the plaintiff is entitled to his costs, although the amount recovered is within the jurisdiction of a justice.
2. The act of 1847, concerning " costs," is applicable to an ordinary suit upon a mechanic's lien, and the plaintiff, who commences his suit in a court of general jurisdiction, and only recovers an amount within the jurisdiction of a justice, is not entitled to his costs, unless the case is within the exceptions of the act.

*Error to St. Louis Circuit Court.*

*H. N. Hart*, for plaintiff in error. The court erred in adjudging all the costs of the two suits consolidated against Eilers.

*C. C. Whittelsey* for defendants in error.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiffs being mechanics, and having a lien upon a building of the defendant, sued out a *scire facias* to enforce the lien upon the building, and, at the same term, commenced

an action in the ordinary form against the defendant upon their account. The defendant appeared, and by the consent of the parties, the court made an order consolidating the two suits, and thenceforward, the record is made up, and the judgment rendered, and execution awarded as in the case of the *scire facias.* The judgment was for thirty-nine dollars and costs. The subject of complaint here is, that the defendant has been taxed with the costs which accrued in both suits, when the recovery was for a sum within the jurisdiction of a justice of the peace and the demand was not reduced by set-off.

1. The proceeding by *scire facias* on a lien is required to be in the Circuit Court, whatever may be the amount of the demand, because in that court the lien is recorded; and upon such proceeding, the party, if he recovers judgment for any sum, is entitled to his costs.

2. But in the action to recover judgment for a sum of money which is a lien on a building, the special act in force in St. Louis county provides for suing upon the demand before a justice of the peace, when its amount is ninety dollars or less. The record shows a case in which the plaintiff in the action, in the ordinary form, ought not to have his costs; for, while the evidence shows no set-off by the defendant, the parties agree, in the presence of the court, that the judgment shall be rendered for thirty-nine dollars. There was no pretence in this case that the plaintiffs, in good faith, believed themselves entitled to recover more than ninety dollars, so as to allow them to recover costs under the act of 1847. But it is not shown what costs were taxed against defendant, whether of both actions or only the cost on the *scire facias.* The plaintiffs were entitled to costs on the *scire facias* and to have a judgment for costs, and that judgment must be affirmed; but in carrying out that judgment, the taxation of costs should be so made that the defendant should not be charged with the costs in the other action. The difficulty has arisen from the consolidation of a general action with the special proceeding by *scire facias.*

Let the judgment be affirmed.